GARRISON, Judge.
The plaintiffs in this case are Allen and Linda Bock, individually and on behalf of their minor child, Ashley Bock, born on June 1, 1982. The defendants are Ashley’s former pediatricians, Dr. Gerald T. Mayer and Dr. Jonette H. Mayer, individually and as a professional corporation and Peggy Yoder, a practical nurse who administered a DPT injection to Ashley in the Mayer’s office on September 3, 1982. On October 25,1982, Ashley was diagnosed as having a left foot drop by Dr. Robert Ruel, an orthopedic specialist. Plaintiffs filed this malpractice suit against the defendants alleging that the DPT injection given to Ashley by Yoder was improperly administered and caused the foot drop condition.
After a lengthy trial with testimony from numerous doctors, the trial judge dismissed plaintiffs’ suit, finding that the plaintiffs had failed in their burden of proving a causal connection between the DPT injection and the foot drop condition developed by Ashley Bock.
According to LSA-R.S. 9:2794, the plaintiff in a malpractice action has the burden of proving:
“(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, or chiropractic physicians within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use. reasonable care and diligence, along with his best judgment in the application of that skill, and
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.”
In this case, the causation element was the basis for the dismissal of plaintiffs’ suit and for this appeal. The trial judge relied on the fact established at trial that Mrs. Bock did not notice anything unusual about Ashley’s foot until sixteen days after the DPT injection. During that sixteen day period, three doctors examined Ashley and none noticed any foot drop condition.
Plaintiffs place much emphasis on the testimony of Dr. David Kline, a neurosurgeon, in which he stated that his initial opinion was that the DPT injection had caused the foot drop condition. However, it was established at trial that Dr. Kline’s opinion had been based on Mrs. Bock’s statement to him that Ashley’s condition had developed only “several days” after *1141 the injection. At trial, Dr. Kline stated that if a foot drop did not occur until 10 days after a DPT injection, then the foot drop was probably not caused by the injection. Thus, Dr. Kline’s initial opinion was based on an erroneous medical history.
Plaintiffs also relied on their argument that foot drop condition is hard to detect in a small child. However, testimony at trial revealed that when the condition was noticed some two and one-half weeks after the injection, it was marked and dramatic. The experts stated that a foot drop condition caused by an injection is something that occurs immediately. Dr. Carmela Yar-do stated that an evolving foot drop condition is more indicative of a viral etiology.
The trial judge was persuaded by defendants’ argument that the time when the foot drop condition was noticed was not in close enough proximity to the time of the DPT injection so as to justify the conclusion of a causal . connection between these two events. He also found that the viral etiology theory was more consistent with the facts of this case than the injection theory urged by plaintiffs. Because this finding is supported by the record and is not manifestly erroneous, we affirm the judgment of the trial court.
AFFIRMED.